10-5082-ag
Yulianus Jong v. Holder

BIA
Hom, IJ
A094 824 764
A094 824 765
A094 824 766

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of April, two thousand twelve.

PRESENT:
> JOHN M. WALKER, JR.,
> REENA RAGGI,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

YULIANUS JONG, TINI MONALISA,
ANTONIO STANLEY JONG,
> *Petitioners,*

v.                                                          10-5082-ag
                                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**      Jack Herzig, Esq. Wyncote, Pennsylvannia.

**FOR RESPONDENT:**      Tony West, Assistant Attorney General; Leslie McKay, Assistant Director; Christopher Buchanan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners Yulianus Jong, Tini Monalisa, and Antonio Stanley Jong, natives and citizens of Indonesia, seek review of a November 17, 2010 order of the BIA, affirming the November 6, 2008 decision of Immigration Judge ("IJ") Sandy K. Hom, which denied their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1]  *In re Yulianus Jong, Tini Monalisa, Antonio Stanley Jong*, Nos. A094 824 764/ 765/ 766 (B.I.A. Nov. 17, 2010), *aff'g* Nos. A094 824 764/ 765/ 766

---

[1] Because Tini Monalisa's and Antonio Stanley Jong's asylum applications are derivative of Yulianus Jong's application, we will refer to Yulianus Jong's ("Jong") application in this order.

(Immig. Ct. N.Y. City Nov. 6, 2008).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's opinions "for the sake of completeness."  *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks omitted).  The applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency did not err in determining that a beating Jong suffered in 1998 at the hands of Indonesian Muslims did not rise to the level of persecution in the absence of any evidence as to severity.  *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 821–22 (2d Cir. 2011) (identifying "no error in the BIA's conclusion that [petitioner] failed to establish persecution" when he alleged "minor bruising from an altercation with family planning officials" that left "no lasting physical effect").  Nor did the agency err in determining that the cumulative harm Jong alleged from the 1998 beating, a 2004 attack on his parents' store in which his father was beaten (where Jong was not present), and an

3

unfulfilled 2005 bomb threat against his Church, did not rise to the level of past persecution of Jong. *See Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 290 (2d Cir. 2007); *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006).

Jong's failure to establish past persecution necessarily defeats any claim to a presumption of well-founded fear of future persecution based on the same acts. *See* 8 C.F.R. §§ 208.13(b)(1), 1208.16(b)(1)(i).

Nor did the agency err in finding that Jong failed to establish a pattern or practice of persecution creating a well-founded fear of future persecution.  The record refutes Jong's claim that the agency failed to consider Jong's particular circumstances in relying on U.S. Department of State reports on Indonesia to find that there is not a pattern or practice of persecution against ethnic Chinese Christians in Indonesia. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (identifying no error in agency determination that there is not a pattern or practice of persecution of ethnic Chinese Christians in Indonesia based on U.S. State Department reports).  The agency noted that Jong's pattern-and-practice claim was inconsistent with

evidence that his parents and his wife's parents, all ethnic Chinese Christians, continued to reside in Indonesia without persecution. Further, the agency noted that subsequent to the alleged acts of persecution cited by Jong, the Indonesian government had cracked down on religious violence. Accordingly, the agency reasonably concluded that the Indonesian government was not unable or unwilling to control anti-Chinese Christian violence, and that such violence did not support a pattern or practice claim.

As the agency did not err in concluding that Jong failed to establish past persecution or a well-founded fear of future persecution if returned to Indonesia, it did not err in denying his application for asylum, withholding of removal, and CAT relief insofar as all three claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (withholding of removal); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005) (CAT relief).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for

5

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                         FOR THE COURT:
                         Catherine O'Hagan Wolfe, Clerk of Court